1

2

3

4

5         UNITED STATES DISTRICT COURT

6         EASTERN DISTRICT OF WASHINGTON

7   ELIZABETH A. GLORE,

8              Plaintiff,                    NO: 1:15-CV-3027-RMP

         v.
9                                            ORDER GRANTING PLAINTIFF'S
                                             MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                JUDGMENT AND REMANDING
    Commissioner of the Social Security      FOR FURTHER PROCEEDINGS
    Administration,
11
               Defendant.
12

13      BEFORE THE COURT are Plaintiff Elizabeth A. Glore's Motion for

14  Summary Judgment, **ECF No. 12**, and Defendant Carolyn W. Colvin's Motion for

15  Summary Judgment, **ECF No. 14**. The Court has reviewed the motions, Plaintiff's

16  reply memorandum (ECF No. 16), the administrative record, and is fully informed.

17                          **BACKGROUND**

18      Elizabeth A. Glore filed an application for Disability Insurance Benefits

19  (DIB) on December 30, 2011, alleging disability beginning August 30, 2007. ECF

20  No. 9-2 at 20, Tr. 19. Ms. Glore's application was denied initially and again on

21  reconsideration. ECF No. 9-4 at 2, Tr. 101; ECF No. 9-4 at 6, Tr. 105. Ms. Glore

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 1

1    requested a hearing, which was held via live-video before Administrative Law

2    Judge ("ALJ") Kimberly Boyce on July 15, 2013. ECF No. 9-2 at 20, Tr. 19.

3    Ms. Glore was present and represented by counsel Linda Worthington. *Id.* The ALJ

4    heard testimony from vocational expert ("VE") Trevor Duncan. *Id.* At the hearing,

5    Ms. Glore amended the alleged onset date of disability to April 10, 2012. *Id.*

6        The ALJ found that Ms. Glore had not engaged in substantial gainful

7    activity, as defined in 20 C.F.R. § 404.1572(a), from the alleged onset date of April

8    10, 2012, through her date last insured of December 31, 2012. ECF No. 9-2 at 22,

9    Tr. 21. Further, the ALJ found that Ms. Glore had the following severe

10   impairments as defined by 20 C.F.R. § 404.1520(c): left ear hearing impairment,

11   depression, and anxiety. *Id.*

12       However, the ALJ found that Ms. Glore did not have an impairment or

13   combination of impairments that met or medically equaled the severity of one of

14   the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.

15   §§ 404.1520(d), 404.1525, and 404.1526). ECF No. 9-2 at 23, Tr. 22. The ALJ

16   further found that Ms. Glore had the residual functional capacity ("RFC")

17       to perform a full range of work at all exertional levels but with the
18   following nonexertional limitations: the claimant can perform work in
     which the noise level is no more than moderate. Considering the effects
19   of medication and balance concerns, the claimant can perform work that
     is not at unprotected heights and in which hazards are not present.
20   Further, assume that, in order to meet ordinary and reasonable employer
     expectations regarding attendance and production, the claimant can
21   understand, remember and carry out unskilled, routine and repetitive
     work, and can cope with occasional work setting change and occasional

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 2

interaction with supervisors. The claimant can work in proximity to coworkers, but not in a team or cooperative effort. The claimant can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

ECF No. 9-2 at 25, Tr. 24.

The VE testified that Ms. Glore was able to perform her past relevant work as a copy machine operator. ECF No. 9-2 at 28, Tr. 27. Given Ms. Glore's age, education, work experience, and residual functional capacity, the VE further testified that there were a number of jobs available in the national economy for an individual sharing her characteristics. ECF No. 9-2 at 29, Tr. 28. The ALJ then found that "the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." *Id.* The ALJ concluded that Ms. Glore was not under a disability as defined by the Social Security Act. *Id.* Ms. Glore's application was denied on July 25, 2013. ECF No. 9-2 at 17, Tr. 16.

Ms. Glore filed a request for review by the Appeals Council, which was denied on December 21, 2014. ECF No. 9-2 at 2, Tr. 1. Ms. Glore then filed a complaint in the District Court for the Eastern District of Washington on February 19, 2015, ECF No. 3, and the Commissioner answered the complaint on June 15, 2015. ECF No. 8. This matter is therefore properly before the Court pursuant to 42 U.S.C. § 405(g). Ms. Glore filed a motion for summary judgment on July 27, 2015. ECF No. 12. The Commissioner filed a cross motion for summary judgment on

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

September 8, 2015. ECF No. 14. Ms. Glore filed a reply memorandum on

September 22, 2015. ECF No. 16.

## STATEMENT OF FACTS

The facts of this case are set forth in the administrative hearing transcripts

and record, ECF No. 9. Ms. Glore was 53 years old when she applied for DIB, and

55 years old when the hearing was held. *See* ECF No. 9-2 at 20, Tr. 19. Ms. Glore

has a high school education, ECF No. 9-2 at 28, Tr. 27, and has held a variety of

jobs. *See* ECF No. 9-6 at 11, Tr. 186.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

Commissioner's final decision. 42 U.S.C. § 405(g). A reviewing court must uphold

the Commissioner's decision, determined by an ALJ, when the decision is

supported by substantial evidence and not based on legal error. *See Jones v.*

*Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). Substantial evidence is more than a

mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d

1112, 1119 n.10 (9th Cir. 1975). Substantial evidence "means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

The reviewing court should uphold "such inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence." *Mark v. Celebrezze*,

348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a

whole, not just the evidence supporting the Commissioner's decision. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing both the evidence that supports and detracts from the [Commissioner's] conclusion."). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the reviewing court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Under the Social Security Act (the "Act"),

an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5

42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that claimant is not only unable to do her previous work but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). "Thus, the definition of disability consists of both medical and vocational components." *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Step one determines if the claimant is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the ALJ, under step two, determines whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. § 404.1520(a)(4)(ii).

If the impairment is severe, the evaluation proceeds to step three, which compares the claimant's impairment to a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 6

gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

Before proceeding to step four, the claimant's residual functional capacity is assessed. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is the ability to do physical and mental work activities on a sustained basis despite limitations from any impairments. 20 C.F.R. § 404.1545(a)(1).

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to step four, where the ALJ determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

If the claimant cannot perform her previous work, the final step considers whether the claimant is able to perform other work in the national economy in view of her residual functional capacity, age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v).

At step five, the initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The claimant satisfies this burden by establishing that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show that (1) the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

claimant can perform other substantial gainful activity, and (2) a "significant

number of jobs exist in the national economy" which the claimant can perform.

*Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ISSUES

Ms. Glore alleges that the ALJ committed reversible error by (1) improperly

rejecting the medical opinion testimony of Drs. Thomas Genthe, Thomas Clifford,

and Michael Brown; (2) improperly determining that Ms. Glore was not credible,

and (3) improperly assessing Ms. Glore's alleged memory impairment. *See

generally* ECF No. 12.

### DISCUSSION

### I. Rejection of Medical Opinion Evidence

Ms. Glore argues that the ALJ both improperly rejected medical opinion

evidence and failed to fully account for other accepted medical opinions when

formulating the RFC. *Id.* at 3–16. As to Dr. Genthe, Ms. Glore alleges that the ALJ

(1) failed to fully account for the limitations opined by Dr. Genthe concerning

contact with supervisors and coworkers and (2) failed to provide specific and

legitimate reasons for rejecting Dr. Genthe's assessment that Ms. Glore "is

unlikely to function adequately in a work setting until her psychological symptoms

have been managed more effectively." *Id.* at 3–7 (quoting ECF No. 9-7 at 19,

Tr. 256). As to Drs. Brown and Clifford,[1] Ms. Glore alleges that the ALJ failed to fully account for the limitations opined by the doctors concerning attendance at work, occasional lapses in performing tasks, and contact with coworkers. *Id.* at 8–9.

### A. Legal Standard for Rejecting Medical Opinion

"[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If controverted, "the opinion of an examining doctor . . . can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. "[I]t is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

Concerning medical opinion evidence, "[t]he ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity. Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions . . . falls within this

---

[1] The ALJ only discussed Dr. Brown's opinion in his findings of fact. *See* ECF No. 9-2 at 27, Tr. 26. However, as both parties agree that Drs. Brown and Clifford gave substantively identical opinions, *see* ECF No. 12 at 7; ECF No. 14 at 11 n.3, the ALJ's omission of Dr. Clifford's opinion was harmless error.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 9

responsibility." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

**B. Dr. Thomas Genthe**

**1.  *Failing to Fully Account for Social Limitations in the RFC***

Ms. Glore alleges that, while the ALJ purported to give significant weight to Dr. Genthe's opinion as to social limitations, the ALJ failed to fully account for those limitations when formulating Ms. Glore's RFC. ECF No. 12 at 3. The Commissioner argues that the ALJ adequately incorporated Dr. Genthe's opinions. ECF No. 14 at 5.

Dr. Genthe found that Ms. Glore's ability to get along with coworkers and/or peers and ability to respond appropriately to criticism from supervisors were "poor." ECF No. 9-7 at 19, Tr. 256. The ALJ recounted this finding and stated that "[s]ignificant weight is given to this portion of Dr. Genthe's opinion as it is based on a thorough evaluation of the claimant and is consistent with his contemporaneous mental status exam." ECF No. 9-2 at 27, Tr. 26. In the ALJ's assessment of Ms. Glore's RFC, the ALJ included the limitation that the individual "can cope with . . . occasional interaction with supervisors." ECF No. 9-2 at 25, Tr. 24. The ALJ also included the limitation that "[t]he claimant can work in proximity to coworkers, but not in a team or cooperative effort." *Id.* Ms. Glore argues that these limitations fail to fully account for Dr. Genthe's opinion and findings. ECF No. 12 at 3.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 10

An "RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ's findings, and subsequently assessed RFC, do not need to be identical to the relevant assessed limitations. *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). For the RFC to be sufficiently inclusive, the ALJ need only incorporate limitations consistent with relevant and accepted medical opinion. *Id.* In *Turner*, for example, the limitations the ALJ incorporated into the RFC were, although not verbatim, "entirely consistent" with accepted medical opinion. *Id.*

The ALJ's assessment of Ms. Glore's social limitations are sufficiently consistent with Dr. Genthe's medical opinion. Dr. Genthe opined that Ms. Glore's ability to respond appropriately to criticism from supervisors was "poor." ECF No. 9-7 at 19, Tr. 256. The ALJ incorporated this opinion into Ms. Glore's RFC through the limitation that the individual have only "occasional contact with supervisors." ECF No. 9-2 at 27, Tr. 26. Dr. Genthe opined that Ms. Glore's ability to get along with coworkers was "poor." ECF No. 9-7 at 19, Tr. 256. The ALJ incorporated this opinion into Ms. Glore's RFC through the limitation that the individual "can work in proximity to coworkers, but not in a team or cooperative effort." ECF No. 9-2 at 27, Tr. 26. The Court finds that these limitations were a rational interpretation of the medical evidence and sufficiently consistent with Dr. Genthe's opinions. *See Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d

1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion.").

Ms. Glore argues that Dr. Genthe's finding of "poor" is the equivalent of a disability finding itself. *See* ECF No. 12 at 4. As support, Ms. Glore cites Social Security Ruling 85-15. 1985 WL 56857 (Jan. 1, 1985). SSR 85-15 notes that a substantial loss of ability to respond appropriately to supervisors or coworkers would justify a finding of disability. *Id.* at *4. The Social Security Administration, however, did not hold that a finding of "poor" was the substantive equivalent of a "substantial loss of ability." Dr. Genthe did not opine that Ms. Glore had no ability to interact with others. *See* ECF No. 9-7 at 19, Tr. 256. He instead merely rated her ability to interact with supervisors and coworkers as "poor." *Id.* As Dr. Genthe did not define the limitations and scope of "poor," the ALJ's rational interpretation of Dr. Genthe's findings is entitled to deference. The Court finds that the ALJ did not commit reversible error when incorporating Dr. Genthe's findings as to Ms. Glore's social limitations into the RFC.

### 2. *Failure to Provide Specific and Legitimate Reasons for Rejecting Opinion*

Dr. Genthe opined that Ms. Glore was "unlikely to function adequately in a work setting until her psychological symptoms have been managed more effectively." ECF No. 9-7 at 19, Tr. 256. The ALJ gave little weight to this portion of Dr. Genthe's opinion as "it is not consistent with evidence, and the claimant's ability to function in a work environment is an opinion reserved for the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 12

Commissioner." ECF No. 9-2 at 27, Tr. 26. Ms. Glore alleges that the ALJ improperly rejected Dr. Genthe's assessment by not providing the required "specific and legitimate" reasons. ECF No. 12 at 5.

As to the ALJ's conclusion that Dr. Genthe's opinion was "not consistent with evidence," *see* ECF No. 9-2 at 27, Tr. 26, the Commissioner argues that the Court should infer that the ALJ was referring to her earlier discussion of Dr. Brown's opinion. ECF No. 14 at 8. The ALJ gave "great weight" to Dr. Brown's opinion as "it is consistent with the findings of Dr. Genthe, discussed below, which showed that while the claimant experiences some psychiatric symptoms, she is still able to complete her activities of daily living independently, care for her grandson, and cooperate with medical providers." ECF No. 9-2 at 27, Tr. 26. The core of Dr. Brown's opinion was that, while Ms. Glore could suffer "occasional lapses from her psychiatric condition," these would "not . . . preclude productive activity in a competitive employment situation." ECF No. 9-3 at 23, Tr. 96.

The Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). As Dr. Genthe's opinion concerning Ms. Glore's ability to work was contradicted by Dr. Brown, the ALJ need only provide "specific and legitimate" reasons for rejecting Dr. Genthe's opinion. *See Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). To provide a sufficient basis to reject testimony, the ALJ must identify "what evidence undermines" the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 13

1    opinion. *Lester*, 91 F.3d at 834. A reviewing court cannot "comb the administrative

2    record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir.

3    2014).

4         The ALJ's general finding that Dr. Genthe's assessment was "inconsistent

5    with evidence" did not provide the required "specific and legitimate" reason to

6    reject Dr. Genthe's opinion. Although the Commissioner points to Dr. Brown's

7    opinion, the ALJ merely notes that she gives "[g]reat weight" to Dr. Brown's

8    opinion as "it is consistent with the findings of Dr. Genthe." ECF No. 9-2 at 27,

9    Tr. 26. Dr. Genthe opined that Ms. Glore was "unlikely to function adequately in a

10   work setting" while Dr. Brown found that, despite her limitations, Ms. Glore could

11   "persist." *Compare* ECF No. 9-7 at 19, Tr. 256 *with* ECF No. 9-3 at 23, Tr. 96. The

12   ALJ endorsed Dr. Brown's opinion due to its consistency with Dr. Genthe's

13   opinion. The Court will not, as requested by the Commissioner, conversely infer

14   that the ALJ rejected Dr. Genthe's opinion due to any inconsistency with

15   Dr. Brown. While that may have been the ALJ's intention, the Court can neither

16   "comb" the record nor concoct its own, *post-hoc* rationalizations to support the

17   ALJ's determination. As such, the ALJ's statement that Dr. Genthe's opinion was

18   not "consistent with evidence" did not provide the required "specific and

19   legitimate" reason, and the Court finds that the ALJ erred in this regard.

20        The ALJ also rejected Dr. Genthe's opinion because the "claimant's ability

21   to function in a work environment is an opinion reserved for the Commissioner."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 14

ECF No. 9-2 at 27, Tr. 26. A physician "may render opinion on the ultimate issue of disability—the claimant's ability to perform work." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). While "[t]he administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability . . . he cannot reject them without presenting clear and convincing reasons for doing so." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). A physician's "opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." *Reddick*, 157 F.3d at 726.

Under 20 C.F.R. § 404.1527(d)(1), a conclusory statement "by a medical source that [a claimant] is 'disabled' or 'unable to work' does not mean that [the Social Security Administration] will determine that [a claimant is] disabled." 20 C.F.R. § 404.1527(d)(1). However, an assessment of a claimant's likelihood of being able to sustain employment is not a conclusory statement as envisioned by § 404.1527(d)(1). *See Hill v. Astrue*, 698 F.3d 1153, 1159–60 (9th Cir. 2012) (finding that the ALJ should have considered physician's opinion that the claimant's "combination of mental and medical problems makes the likelihood of sustaining full time competitive employment unlikely").

Here, Dr. Genthe opined that, due to her social limitations, Ms. Glore was "unlikely to function adequately in a work setting until her psychological symptoms have been managed more effectively." ECF No. 9-7 at 19, Tr. 256. This

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 15

opinion, similar to that at issue in *Hill*, is an assessment of Ms. Glore's likelihood of being able to sustain employment, not a conclusory statement as to disability. The Commissioner insists that *Hill* is distinguishable as Dr. Genthe's opinion is based on subjective complaints, as opposed to "objective medical evidence." ECF No. 14 at 10 (citing *Hill*, 698 F.3d at 1160). However, *Hill* did not indicate that the holding was limited to only medical impairments that can be objectively identified. *See Hill*, 698 F.3d at 1160. As the ALJ found that other portions of Dr. Genthe's opinion were based on a "thorough evaluation of the claimant and consistent with [Dr. Genthe's] contemporaneous mental status exam," ECF No. 9-2 at 27, Tr. 26, Dr. Genthe was making an "assessment" of Ms. Glore's ability to sustain employment. The Court finds that the ALJ could not disregard Dr. Genthe's assessment on the basis that he was rendering an opinion on an issue "reserved for the Commissioner." *See* ECF No. 9-2 at 27, Tr. 26.

To conclude, the Court finds that the ALJ erred when rejecting Dr. Genthe's opinion that Ms. Glore was "unlikely to function adequately in a work setting until her psychological symptoms were managed more effectively." ECF No. 9-2 at 27, Tr. 26, 256. "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). An error is harmless when it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 16

The Court cannot say that the ALJ's error in rejecting Dr. Genthe's assessment was nonprejudicial to Ms. Glore. Dr. Genthe opined that Ms. Glore's social limitations would prevent her from functioning adequately in an employment setting. ECF No. 9-7 at 19, Tr. 256. If this opinion had been credited and considered by the ALJ, the ALJ's determination as to Ms. Glore's RFC would have included more restrictive limitations to account for Dr. Genthe's assessment.

Although the Court did not find reversible error in the ALJ's formulation of Ms. Glore's social limitations in the RFC, the incorporated severity of Ms. Glore's social limitations may change after Dr. Genthe's opinion is reconsidered. At the very least, the ALJ would have given legitimate and detailed reasons why she was rejecting Dr. Genthe's assessment while endorsing Dr. Genthe's other opinions and observations that formed the basis of the rejected assessment. As such, the Court finds that the ALJ's error in rejecting Dr. Genthe's assessment was not harmless to Ms. Glore. *See Hill*, 698 F.3d at 1160 (finding that the ALJ's improper disregard of medical opinion was not harmless error).

**C. Drs. Michael Brown and Thomas Clifford**

Ms. Glore alleges that, while the ALJ purported to endorse the medical opinions expressed by Drs. Brown and Clifford, the ALJ did not fully incorporate the limitations they identified when formulating Ms. Glore's RFC. ECF No. 12 at 8. The Commissioner argues that the ALJ adequately accounted for Drs. Brown and Clifford's opinions in the RFC. ECF No. 14 at 11.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 17

1    Dr. Brown found that Ms. Glore's psychiatric limitations limit her ability to

2   work in close proximity to the general public and co-workers. ECF No. 9-3 at 23,

3   Tr. 96. Dr. Brown noted, however, that "if contact was kept brief and superficial,

4   [claimant] can persist." *Id.* The ALJ recited this finding and gave it "[g]reat

5   weight." ECF No. 9-2 at 27, Tr. 26. In the ALJ's assessment of Ms. Glore's RFC,

6   the ALJ included the limitation that "[t]he claimant can work in proximity to

7   coworkers, but not in a team or cooperative effort." ECF No. 9-2 at 25, Tr. 24.

8   Ms. Glore argues that this limitation fails to fully account for the opinions of

9   Drs. Brown and Clifford. ECF No. 12 at 8.

10    Dr. Brown also found that Ms. Glore's psychiatric limitations would "reduce

11   attendance" and cause "occasional lapses" in performing tasks. ECF No. 9-3 at 23,

12   Tr. 96. The ALJ recounted these findings and gave them "[g]reat weight." ECF

13   No. 9-2 at 27, Tr. 26. In the ALJ's assessment of Ms. Glore's RFC, the ALJ

14   instructed the VE to "assume that, in order to meet ordinary and reasonable

15   employer expectations regarding attendance and production, the claimant can

16   understand, remember and carry out unskilled, routine and repetitive work." ECF

17   No. 9-2 at 25, Tr. 24. Ms. Glore argues that this limitation fails to fully account for

18   the opinions of Drs. Brown and Clifford. ECF No. 12 at 8–9.

19    An "RFC that fails to take into account a claimant's limitations is defective."

20   *Valentine*, 574 F.3d at 690. The ALJ's findings, and subsequently assessed RFC,

21   do not need to be identical to the relevant assessed limitations. *Turner*, 613 F.3d at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 18

1   1223. For the RFC to be sufficiently inclusive, the ALJ need only use limitations

2   consistent with relevant and accepted medical opinion. *Id.* As the court noted in

3   *Turner*, the limitations observed by the ALJ were, although not verbatim, "entirely

4   consistent" with the medical opinion. *Id.*

5         The ALJ's assessment of Ms. Glore's social limitations are sufficiently

6   consistent with Drs. Brown and Clifford's medical opinions. Drs. Brown and

7   Clifford opined that Ms. Glore's ability to work in close proximity to co-workers

8   was limited. ECF No. 9-3 at 23, Tr. 96. Drs. Brown and Clifford however stated

9   that, "if contact was kept brief and superficial," Ms. Glore could "persist." *Id.* ECF

10  No. 9-7 at 19, Tr. 256. The ALJ incorporated these opinions into Ms. Glore's RFC

11  with the limitation that "[t]he claimant can work in proximity to coworkers, but not

12  in a team or cooperative effort." ECF No. 9-2 at 27, Tr. 26. The Court finds that

13  this limitation was a rational interpretation of the medical evidence and entirely

14  consistent with Drs. Brown and Clifford's opinions that contact be kept "brief and

15  superficial." *See Batson*, 359 F.3d at 1198 ("When the evidence before the ALJ is

16  subject to more than one rational interpretation, we must defer to the ALJ's

17  conclusion.").

18        The ALJ's assessment of the attendance and "occasional lapse" issues are

19  also sufficiently consistent with Drs. Brown and Clifford's medical opinions.

20  Dr. Brown limited his opinion concerning attendance by noting that Ms. Glore

21  "has been able to persist the majority of the time." ECF No. 9-3 at 23, Tr. 96.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 19

Similarly, Dr. Brown conditioned the "occasional lapse" limitation with "although not so to preclude productive activity in a competitive employment situation." *Id.* The ALJ incorporated these limitations, with the opined caveats, into the RFC by finding that "in order to meet ordinary and reasonable employer expectation regarding **attendance** and **production**, the claimant can understand, remember and **carry out** . . . work." ECF No. 9-2 at 25, Tr. 24 (emphasis added). The Court finds that this limitation was a rational interpretation of the medical evidence and sufficiently consistent with Drs. Brown and Clifford's opinions. *See Batson*, 359 F.3d at 1198 ("When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion.").

As such, the Court finds that the ALJ did not commit reversible error when considering Drs. Brown and Clifford's opinions as the findings were adequately incorporated into the ALJ's RFC finding.

## II. Credibility Determination

Ms. Glore alleges that the ALJ found she lacked credibility without providing the requisite "clear and convincing reasons." ECF No. 12 at 9. Specifically, Ms. Glore argues that the ALJ improperly considered the lack of objective medical evidence, her symptom's improvement with treatment, and her activities of daily life. *Id.* at 9–17.

\\

\\

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 20

**A. Standard for Making Credibility Determination**

The Commissioner's credibility determination must be supported by findings sufficiently specific to permit the reviewing court to conclude the ALJ did not arbitrarily discredit a claimant's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991). If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms.[2] *Reddick*, 157 F.3d at 722.

If the ALJ finds that a claimant's statements are not credible, she need not reject the entirety of a claimant's symptom testimony. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). The ALJ may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on her interpretation of evidence in the record as a whole. *See id.* If the credibility findings are supported by substantial evidence in the record, the reviewing court may not second-guess the ALJ's determination. *See Morgan*, 169

---

[2] The Commissioner argues that the proper standard of review of an ALJ's credibility determination is "substantial evidence." ECF No. 14 at 15–16. However, as the Ninth Circuit is clear that the "clear and convincing reasons" standard governs, this Court is required to apply binding precedent. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014).

F.3d at 600. However, an ALJ's failure to articulate specifically "clear and convincing" reasons for rejecting a claimant's subjective complaints is reversible error. *Orn v. Astrue,* 495 F.3d 625, 635 (9th Cir. 2007).

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in allegations of limitations or between statements and conduct; daily activities; work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

**B. The Lack of Objective Medical Evidence for Symptoms**

Ms. Glore alleges that the ALJ "cherry-picked" from among the available medical records to form the opinion that "[o]bjective medical evidence does not support the degree of limitation the claimant has alleged from her mental health symptoms." ECF No. 12 at 9; ECF No. 9-2 at 26, Tr. 25. Ms. Glore notes that, while the ALJ recounted some findings from treatment notes and a mental status exam, the ALJ improperly ignored other objective findings which corroborate Ms. Glore's reported symptoms. ECF No. 12 at 11. Ms. Glore cites a series of treatment notes which documented her medical conditions. *See id.* at 10 (listing treatment notes finding anxiety, depression, agitation, concentration issues, obsessive behavior, and fatigue).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 22

The Court finds that Ms. Glore misconstrues the ALJ's conclusion. The ALJ did not find that the objective medical evidence did not support Ms. Glore's alleged limitations. The ALJ merely found that the objective medical evidence did not support *the degree of limitation* alleged by Ms. Glore. *See* ECF No. 9-2 at 26, Tr. 25. The treatment notes cited by Ms. Glore include findings of depression, anxiety, and other psychological limitations. *See* ECF No. 12 at 10. The ALJ found that Ms. Glore in fact suffered from depression and anxiety. ECF No. 9-2 at 22, Tr. 21. The ALJ only utilized the treatment notes as one factor in the overall credibility analysis. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). There is no indication that the ALJ "cherry-picked" Ms. Glore's medical records: the ALJ noted that the evidence did not support the degree of limitation, not that a limitation did not exist. As the factors noted by the ALJ are supported by substantial evidence in the record, the Court does not find that the ALJ committed reversible error when considering the lack of total medical corroboration as one factor in the credibility analysis. *See Morgan*, 169 F.3d at 600.

### C. Improvement with Treatment

Ms. Glore contends that the ALJ improperly found that she lacked credibility due to improvement of her psychological conditions. ECF No. 12 at 12.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 23

The ALJ considered medical records that showed Ms. Glore's depression, mood, energy, and sleep patterns improved with the use of medication. ECF No. 9-2 at 26, Tr. 25.

"That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanri*, 246 F.3d 1195, 1205 (9th Cir. 2001). "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Improvement must "be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in the workplace." *Id.* In *Garrison*, the ALJ "improperly singled out a few periods of temporary well-being from a sustained period of impairment and relied on those instances to discredit [the claimant]." *Id.* at 1018.

Ms. Glore argues that it was improper for the ALJ to consider any improvement of her symptoms considering the overall history of her impairments. ECF No. 12 at 13. Even if the ALJ's consideration of instances of improvement were in error, however, the Court finds that any such error was harmless. "So long

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 24

as there remains 'substantial evidence supporting the ALJ's conclusions

on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate

[credibility] conclusion,' such is deemed harmless and does not warrant reversal."

*Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)

(internal citations omitted). "[T]he relevant inquiry . . . is not whether the ALJ

would have made a different decision absent the error . . . [but] is whether the

ALJ's decision remains legally valid, despite such error." *Id.*

The ALJ discussed symptom improvement as one of several factors in her

analysis that demonstrated that Ms. Glore's statements concerning the intensity and

limiting effects of her physiological limitations were not entirely credible. *See* ECF

No. 9-2 at 26, Tr. 25. As the overall credibility finding remains supported by other

legitimate "clear and convincing reasons," the Court finds that the ALJ did not

commit reversible error when considering Ms. Glore's improvement of symptoms.

**D. Activities of Daily Life**

Ms. Glore argues that the ALJ improperly considered her activities of daily

life when determining her credibility. ECF No. 12 at 14. The ALJ found that

activities such as caring for her grandson, shopping, spending time on the

computer, and visiting a friend were inconsistent with the limitations alleged by

Ms. Glore. ECF No. 9-2 at 26, Tr. 25. Ms. Glore alleges that the ALJ was not

sufficiently specific in linking which of her activities discredited which of her

alleged limitations. Ms. Glore also provided alternate explanations for each

finding. ECF No. 12 at 14–17.

The ALJ's findings are to be upheld by a reviewing court if those findings

are supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at

1193. Before discussing Ms. Glore's activities of daily life, the ALJ noted

Ms. Glore's description of her limitations which included not having motivation or

energy, not wanting to go outside, and having neither any friends nor any hobbies.

*See* ECF No. 9-2 at 25, Tr. 24. The Court makes the reasonable inference that the

ALJ, when noting that certain activities are "inconsistent with the limitations the

claimant has alleged," was discussing the testimony offered by Ms. Glore as to her

limitations. *See* ECF No. 9-2 at 25–26, Tr. 24–25. As such, the Court finds that the

ALJ's discussion of Ms. Glore's activities of daily life is sufficiently specific as to

Ms. Glore's alleged limitations.

Although Ms. Glore has proffered alternative reasonable explanations, it is

not this Court's role to second-guess the reasonable conclusions reached by the

ALJ. *See Rollins*, 261 F.3d at 857 (noting that "the ALJ's interpretation of [the

claimant's] testimony may not be the only reasonable one. But it is still a

reasonable interpretation and is supported by substantial evidence; thus, it is not

our role to second-guess it."). As the Court finds that there is substantial evidence

supporting the ALJ's conclusions concerning Ms. Glore's activities of daily life, it

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 26

1  is not within this Court's discretion to overturn the ALJ's finding simply because

2  other alternative, reasonable explanations may exist.

3  **E. Conclusion**

4  As the Court finds the ALJ's credibility analysis was supported by clear and

5  convincing reasons based on substantial evidence in the record, the Court finds that

6  the ALJ did not commit reversible error when determining that Ms. Glore was not

7  entirely credible as to the extent of her symptom's limiting effects.

8  **III.    Assessment of Ms. Glore's Memory Impairment**

9  Ms. Glore argues that the ALJ improperly assessed her alleged memory

10  impairment. ECF No. 12 at 17. The Commissioner agrees that the ALJ erred but

11  insists that, given the ALJ's other findings, the error was harmless. ECF No. 14 at

12  22.

13  The ALJ rejected Ms. Glore's alleged issues with forgetfulness and

14  confusion as "there is no diagnosis that would support these symptoms." ECF

15  No. 9-2 at 23, Tr. 22. The ALJ determined that "[a]s there is no diagnosis of a

16  condition that could cause these symptoms from an acceptable medical source, I

17  find the claimant's alleged memory problems to not be medically determinable."

18  *Id.* The Commissioner concedes that the ALJ erred as the ALJ did not consider

19  whether Ms. Glore's depression could reasonably be expected to cause her alleged

20  memory problems. ECF No. 14 at 22. Accordingly, the Court finds that the ALJ's

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 27

1  finding that Ms. Glore's alleged memory limitation was not medically

2  determinable is not supported by substantial evidence in the record.

3      The Commissioner argues that both Drs. Genthe and Brown considered

4  Ms. Glore's alleged memory limitation. *Id.* Dr. Genthe found that Ms. Glore's

5  "ability to understand and remember short, simple instructions" and "ability to

6  understand and remember detailed instructions" were "good." ECF No. 9-7 at 19,

7  Tr. 256. Dr. Brown answered the question "Does the individual have

8  understanding and memory limitations?" with "No." ECF No. 9-3 at 22, Tr. 95.

9  The Commissioner contends that, by discussing Drs. Genthe and Brown's opinion,

10  the ALJ considered any limitations posed by Ms. Glore's alleged memory

11  impairment. ECF No. 14 at 22. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir.

12  2007) (failure to list impairment harmless as ALJ "extensively discussed"

13  impairment and sufficiently considered any limitations).

14      The Court agrees with the Commissioner's interpretation. In *Lewis*, the ALJ

15  failed to consider the claimant's bursitis during step two of the Sequential Process.

16  *Id.* The ALJ, however, "extensively discussed" the claimant's bursitis during step

17  four. *Id.* The court held that, based on the ALJ's discussion, the ultimate decision

18  sufficiently "considered any limitations posed by the bursitis at Step 4." *Id.*

19      Here, the ALJ discussed Ms. Glore's alleged memory limitation during step

20  four. The ALJ recounted that "the claimant was able to recall 3/3 objects after a 5

21  minute delay." ECF No. 9-2 at 26, Tr. 25. The ALJ also noted Dr. Genthe's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 28

opinion that "the claimant's ability to understand, remember, and carry out short, simple instructions, as well as detailed instructions was good." ECF No. 9-2 at 27, Tr. 26. The ALJ gave this section of Dr. Genthe's opinion "[s]ignificant weight." *Id.* The ALJ also considered the lay testimony of Ms. Glore's daughter, Felicia Dickerson, who reported that Ms. Glore was "very forgetful." ECF No. 9-2 at 28, Tr. 27. The ALJ stated that she specifically "considered these statements and find that they support that the claimant has some limitations" but that the statements "generally reflect the same allegations made by the claimant, which are not entirely credible." *Id.* The ALJ included a memory-based limitation in the RFC, finding that "the claimant can understand, remember and carry out unskilled, routine and repetitive work." ECF No. 9-2 at 25, Tr. 24.

The Court finds that the ALJ sufficiently considered Ms. Glore's alleged memory limitation when formulating the RFC. The ALJ gave "[s]ignificant weight" to Dr. Genthe's opinion that Ms. Glore had no noticeable memory limitation. *See* ECF No. 9-2 at 26, Tr. 25; ECF No. 9-7 at 19, Tr. 256. The ALJ also sufficiently discussed the credibility of Ms. Glore's statements concerning her memory limitation. *See* ECF No. 9-2 at 26, Tr. 25 (noting that Ms. Glore was able to recall information after a delay); ECF No. 9-2 at 28, Tr. 27 (ALJ considered lay testimony concerning forgetfulness and found the statements were based on Ms. Glore's not entirely credible self-report). The RFC also conformed to Dr. Genthe's opinion concerning an alleged memory limitation, as the RFC

repeated Dr. Genthe's finding that "the claimant can understand, remember and carry out unskilled, routine and repetitive work." ECF No. 9-2 at 25, Tr. 24. As in *Lewis*, the ALJ sufficiently considered any limitation posed by Ms. Glore's alleged memory problems when formulating the RFC.

Ms. Glore argues that a Social Security Ruling prohibited the ALJ from considering her alleged memory limitation. ECF No. 12 at 18 (quoting SSR 96-8p, 1996 WL 374184 (July 2, 1996)). However, as the ALJ's decision in fact considered Ms. Glore's alleged memory limitations, any error on the part of the ALJ was harmless. Ms. Glore also cites *Brown-Hunter v. Colvin*, __F.3d__, No. 13-15213, 2015 WL 6684997 (9th Cir. Aug. 4, 2015), for the proposition that the ALJ's error in failing to consider Ms. Glore's memory symptoms "can never be harmless." ECF No. 16 at 10. However, *Brown-Hunter* merely noted the rule that "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Brown-Hunter*, 2015 WL 6684997, at *4. The Court is not making an independent finding, and is instead merely reviewing the ALJ's decision and drawing reasonable inferences as to the ALJ's conclusions. *See Batson*, 359 F.3d at 1193.

As such, the Court finds that, while the ALJ erred in determining that Ms. Glore's alleged memory limitation was not medically determinable, such error was harmless.

\\

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 30

## IV.    Remand for Further Proceedings

Ms. Glore urges that, should this Court find any reversible error in the ALJ's decision, the Court should remand for the immediate award of benefits. ECF No. 12 at 18. However, as the Court finds that the credit-as-true rule is not appropriate, the Court instead remands this case to the Commissioner for further proceedings consistent with this Order.

The ordinary remand rule applies to Social Security cases. *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). As the Ninth Circuit has noted:

> [i]f the reviewing court determines 'that the agency erred in some respect in reaching a decision to deny benefits,' and the error was not harmless, sentence four of § 405(g) authorizes the court to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing . . . [W]hen the record before the agency does not support the agency action, . . . the agency has not considered all relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare cases, is to remand to the agency for additional investigation or explanation.

*Id.* (internal citations omitted).

Additionally, district courts have statutory authority "to reverse or modify an administrative decision without remanding the case for further proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The exercise of such authority "was intended to be discretionary." *Id.* The Ninth Circuit applies a three-step framework to "deduce whether this is one of the rare circumstances where we

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 31

1   may decide not to remand for further proceedings." *Treichler*, 775 F.3d at 1103.

2   This is referred to as the credit-as-true rule. *Garrison*, 759 F.3d at 1019. Where a

3   court has found that a claimant has failed to satisfy one of the factors of the credit-

4   as-true rule, the court does not need to address the remaining factors. *Treichler*,

5   775 F.3d at 1107. Under the first step, the Court must determine whether "the ALJ

6   has failed to provide legally sufficient reasons for rejecting . . . claimant

7   testimony." *Id.* at 1103 (internal citation omitted). The Court concludes, for the

8   reasons stated above, that the ALJ did not provide legally sufficient reasons for

9   rejecting Dr. Genthe's opinion that Ms. Glore social limitations would make it

10  unlikely that Ms. Glore could function adequately in a work setting.

11      Under the second step, the Court must "turn to the question [of] whether

12  further administrative proceedings would be useful." *Id.* At this stage, the Court

13  considers "whether the record as a whole is free from conflicts, ambiguities, or

14  gaps, whether all factual issues have been resolved, and whether claimant's

15  entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103–04.

16  Here, Drs. Genthe and Brown reached different conclusions concerning the

17  severity of any limitations imposed by Ms. Glore's psychological issues. *Compare*

18  ECF No. 9-7 at 19, Tr. 256 ("At this time, she is unlikely to function adequately in

19  a work setting until her psychological symptoms have been managed more

20  effectively.") *with* ECF No. 9-3 at 23, Tr. 96 ("[Claimant's] psychiatric limitations

21  limit [claimant's] ability to work in close proximity to the general public and co-

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 32

workers. However, if contact was kept brief and superficial, [claimant] can persist."). Even if fully credited, Dr. Genthe's opinion conflicts with other medical evidence relied upon by the ALJ. As such, the Court finds that further proceedings would be appropriate and useful in resolving this matter, in particular concerning the severity of Ms. Glore's social limitations and any resulting effect on Ms. Glore's RFC.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's motion for summary judgment, **ECF No. 14**, is **DENIED**.

3. This case is **REMANDED** for a *de novo* hearing before the Social Security Administration.

4. **UPON REMAND**, the ALJ will conduct a *de novo* hearing and issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reassess the claimant's residual functional capacity, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility.

/ / /

/ / /

/ / /

/ / /

/ / /

5. **JUDGMENT** shall be entered for the Plaintiff.

The District Court Clerk is hereby directed to enter this Order, enter judgment accordingly, provide copies to counsel, and to **close this file**.

**DATED** this 10th day of December 2015.

_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS ~ 34